UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Edward H Embree | ) | Case No. 05-26934-SQU |
| | ) | |
| Debtor(s). | ) | Hon. JOHN H. SQUIRES |

**Trustee's Final Report**

To:  The Honorable JOHN H. SQUIRES
     United States Bankruptcy Judge

NOW COMES GINA B. KROL, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. §704(9).

1. The Petition commencing this case was filed on July 7, 2005. GINA B. KROL was appointed Trustee on the July 7, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2. The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the trustee's final account as of March 27, 2009 is as follows:
   a. RECEIPTS (See Exhibit C)                                   $12,335.07
   b. DISBURSEMENTS (See Exhibit C)                                  $21.63
   c. NET CASH available for distribution                        $12,313.44
   d. TRUSTEE/PROFESSIONAL COSTS:
      1. Trustee compensation requested                           $1,983.51
         (See Exhibit E)
      2. Trustee Expenses (See Exhibit E)                             $0.00
      3. Compensation requested by
         attorney or other professionals

      for trustee (See Exhibit F)

| | | | |
|---|---|---|---:|
| | (a.) | Cohen & Krol *Attorney for Trustee Fees (Trustee Firm)* | $2,454.00 |
| | (b.) | Cohen & Krol *Attorney for Trustee Expenses (Trustee Firm)* | $53.80 |

5. The Bar Date for filing unsecured claims expired on November 13, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---:|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $4,491.31 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims | $386,944.24 |

7. Trustee proposes that unsecured creditors receive a distribution of 2.0200% of allowed claims.

8. The compensation previously awarded to Trustee's counsel, accountants or other professionals, and the compensation requested but not yet allowed is as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---:|---:|---:|
| GINA B. KROL *Trustee Compensation* | $0.00 | $1,983.51 | $0.00 |
| COHEN & KROL *Attorney for Trustee* | $0.00 | $2,454.00 | $53.80 |

9. A fee of $0.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

Respectfully Submitted

DATE: March 27, 2009

/s/ Gina B. Krol
Signature

GINA B. KROL, Trustee
105 WEST MADISON STREET
SUITE 1100
CHICAGO, IL  60602-0000

## TASKS PERFORMED BY TRUSTEE

<u>Asset Analysis and Recovery</u>:  Trustee reviewed books and records including Debtor's tax returns, chapter 11 schedules, statements, plan of reorganization and disclosure statement. In addition, Trustee reviewed Debtor's monthly cash receipts and disbursements filed while the Debtor was in Chapter 11.  Trustee determined that the Debtor had equity in his residential real property.  The Trustee negotiated with Debtor's attorney to collect the equivalent amount of equity from the Debtor for the benefit of creditors.  Trustee felt that it was in the Estate's best interest to sell the Debtor's right, title and interest in the real property back to the Debtor, rather than listing the property for sale to a third party.  Trustee expended approximately 18.5 hours in the activity of Asset Analysis and Recovery.

<u>Banking and Bonding</u>:   Trustee opened and maintained the Estate's interest bearing, made deposits into and disbursements out of that account.  Reconciled the account monthly and maintained the Estate's blanket bond.  Trustee expended approximately 3.25 hours in the activity of Banking and Bonding.

<u>Case Administration:</u>  Trustee maintained state's bookkeeping records. Trustee expended approximately 3.5 hours in the activity of Case Administration.

<u>Claims Administration:</u>     Trustee communicated with creditors regarding claims in an attempt to obtain consent to certain treatment.  Trustee was unable to obtain consent and directed her counsel to file formal claims objections. Additionally, Trustee reviewed claims, having to be very aware of duplicate claim entries.  Trustee expended approximately 5 hours in the activity of Claims Administration.

<u>Coordination and Compliance with Reporting Requirements</u>:  Trustee prepared the required periodic reports for the Office of the United States Trustee.  Trustee prepared the Trustee's Final Report and Account, Distribution Report, Claims Report, and Notices to Creditors.  Trustee expended approximately 4.75 hours in the activity of Coordination and Compliance with Reporting Requirements.

<u>Creditor Communication</u>:     Trustee communicated case status and potential distribution to various creditors involved in these proceedings.  Trustee expended approximately 1.75 hours in the activity of Creditor Communication.

Trustee expended approximately 36.75 hours in the administration of this Estate.

**EXHIBIT A**

# EXHIBIT B
# DISPOSITION OF ESTATE PROPERTY

Scheduled Property & Disposition

|  | Amount Realized |
|---|---|
| See Form 1 - Attached | $ 12,276.70 |

Unscheduled Property

| Post-Petition Interest Deposits | 58.37 |
|---|---|
| TOTAL RECEIPTS | $12,335.07 |
| TOTAL SCHEDULED VALUE OF PROPERTY ABANDONED | 0.00 |
| TOTAL SCHEDULED VALUE OF EXEMPT PROPERTY | $261,940.00 |

**EXHIBIT B**

# EXHIBIT C

## RECEIPTS AND DISBURSEMENTS

DEPOSITORY:   BANK OF AMERICA, N.A.
Money Market Account (Interest Earn 4428334244

### I. RECEIPTS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| See Form 2 - Attached | | |
| | TOTAL | $ 12,335.07 |

### II. DISBURSEMENTS

| DATE/CHECK # | PAYEE/DESCRIPTION | AMOUNT |
|---|---|---|
| See Form 2 - Attached | | |
| | TOTAL | $ 21.63 |

**RECAPITULATION:**

| | | |
|---|---|---|
| | TOTAL RECEIPTS | $ 12,335.07 |
| | DISBURSEMENTS | $ 21.63 |
| | **NET CASH AVAILABLE as of March 27, 2009** | $ 12,313.44 |

**EXHIBIT C**